## MAGHAN v. YOUNG et al.
### No. 9146.

United States Court of Appeals
District of Columbia.

Decided Feb. 18, 1946.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Chester H. Gray, Principal Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, of Washington, D. C., was on the brief, for appellees.

Before GRONER, C. J., and EDGERTON and PRETTYMAN, JJ.

### PER CURIAM.

This case is before us on appellees' motion to dismiss the appeal for failure to file the record within the time allowed under the rules.[1]

The record shows that the order of the District Court appealed from was entered June 5, 1945. Notice of appeal was filed August 31, 1945. On October 8th (within the forty-day period after the filing of notice of appeal) the time for filing the record in this Court was extended by the District Court to November 5th. On November 1st (within the time limit as extended) the time was again extended by the District Court to November 24th. On November 27th—the record not then having been filed—appellees filed in this Court under Rule 75(j) a preliminary record and moved to dismiss, notice of which was duly served on appellant's attorney of record. On November 29th appellant filed objections to the motion to dismiss, admitting the default, but asking us to overlook it for "excusable neglect." The explanation of appellant's neglect is that appellant's counsel was professionally engaged in attending to other matters. We think this is not an adequate reason to justify our exercise of discretion.

Shortly after the adoption of the new Rules we did grant relief in a somewhat similar case, on the ground that the Rules were new and that it was unlikely counsel had sufficiently acquainted themselves with their terms, but we were careful on that occasion to advise the Bar that we intended thereafter to exercise sparingly our discretion to save an appeal prosecuted in disregard of the Rules.[2] In accordance with that ruling we have since, we think, invariably declined to extend relief, except for convincing reasons, where, as is the case here, appellee after appellant's default has himself filed a preliminary record and moved to dismiss.

The reasons advanced in the present case show neglect, but fail to show excusable neglect.[3] Accordingly we are granting appellees' motion, and an order will be entered dismissing the appeal.

Appeal dismissed.

---

[1] Rule 73(g), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526.

[3] Rule 6(b), Rules of Civil Procedure. "When by these rules * * * an act is required * * * to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * (2) upon motion permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect * *."