HART et al. v. KNOX COUNTY, TENN. et al.

No. 10831.

United States Court of Appeals Sixth Circuit.

Dec. 8, 1948.

Harley Fowler, of Knoxville, Tenn., for appellants.

Charles S. Badgett, Jr., Joseph C. Swidler and Carl A. Cowan, all of Knoxville, Tenn., for appellees.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

Knox County, Tennessee, the Tennessee Valley Authority, and seven individual appellees have moved this court to docket and dismiss with costs the appeal taken herein by Ada Lucile Hart, and others.

The judgment from which the appeal is taken was entered in the district court on July 2, 1948, and notice of appeal was not filed until September 30, 1948. The basis of the motion is, therefore, that the appeal was not applied for within the time fixed by Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which requires that in an action in which an agency of the United States is a party, the time permitted for appeal from a district court to a circuit court of appeals is sixty days from the entry of the judgment appealed.

Appellants reply that the Judicial Code, section 230, Title 28 U.S.C.A., prior to its recent amendment, allowed three months after entry of judgment for an application for appeal; that this provision was changed by Act of Congress approved June 25, 1948, section 2107, Title 28 U.S.C.A., so as to reduce the time limit in a case of this type to sixty days; that the effective date of the 1948 Act was September 1, 1948; that the 1948 Act actually repealed the former Code section 230; that existing rights or liabilities were by express provision of the amendatory act not to be affected by the repeal; and that this saving clause, in section 39 of the 1948 Act, 62 Stat. 992, would be read as of September 1, 1948, at which time appellants had three months from July 2, 1948, to appeal under old section 230 of the Judicial Code. It is insisted by appellants that the time limitation in filing an appeal is jurisdictional and cannot be controlled by rules of court, and that the Supreme Court did not intend its Rules of Civil Procedure "affecting the jurisdiction of the courts of appeal to be-

come effective until the Judicial Code has been made to conform therewith." It is pointed out that the last section of Rule 86(b) provides that the revised rules "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."

The Supreme Court adopted the Rules of Civil Procedure in pursuance of the authority conferred by the Act of Congress of June 19, 1934, 48 Stat. 1064 [now 28 U.S.C.A. § 2072]; and the rules related to "forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law." It was declared in the act that the rules should "neither abridge, enlarge, nor modify the substantive rights of any litigant." The act specifically provided that all conflicting laws should be of no further force or effect. From this, appellees contend that, upon the effective date of the amendment to the rules, the statutory provisions relating to the time for taking an appeal, 28 U.S.C.A. § 230, were repealed. Regardless of the controversy concerning the adjournment of the 80th Congress, the amendments to the Civil Procedure Rules became effective not later than March 19, 1948, which was before the entry of final judgment herein on July 2, 1948.

■ Clearly, the Supreme Court had statutory authority to promulgate the amended Rule 73(a). This rule does not affect substantive rights, but relates to practice and procedure. The opinion of the Supreme Court in Mississippi Pub. Corporation v. Murphree, 326 U.S. 438, 444, 445, 66 S.Ct. 242, 90 L.Ed. 185, draws the distinction between substantive rights and procedural matters. In the case before us, the appellants' substantive rights are not affected by Rule 73(a), which neither enlarges nor abridges the jurisdiction of the court of appeals but merely implements its jurisdiction over the subject matter which Congress has conferred by providing the procedure for review. The case does not present one of "excusable neglect"

by "a failure of a party to learn of the entry of the judgment."

The motion of appellees to docket and dismiss this appeal is granted.