### BRAINARD v. JOY MFG. CO.
#### Civ. A. No. 24259.

United States District Court
M. D. Ohio, E. D.
Aug. 3, 1949.

On Motion for An Order Extending Time
for Appeal Nov. 25, 1949.

---

2. No opinion for publication.

626

are inclined to do this because they can now consider the motions after verdict as of the time they were made, and a full presentation of the case enables a reviewing court to direct the judgment which it thinks the evidence warrants without remanding the case for a new trial. As a consequence, this procedure under the new rules requires a very thorough and strict consideration of all the evidence when a motion for judgment *non obstante veredicto* is filed. That consideration has been given in this case, and the court is constrained to find that the evidence is insufficient to support the verdict. Under the former rules a motion to arrest the case would and should have been sustained.

■ If the plaintiff's evidence in support of his allegations of a contract were construed as sufficient (in spite of its doubtful character), still the evidence of performance of that contract, or of excuse for nonperformance, is quite insufficient. But even if the court construed the evidence of contract as sufficient and found sufficient evidence of performance, or justification for non-performance, still there would remain an insurmountable, obstacle to a judgment on the verdict. The evidence is clear and uncontroverted that the negotiations between the plaintiff and the defendant were called off and terminated by mutual consent. (See letter, Brainard to Upham, June 26, 1941, Rec. 281; letter, Cross to Brainard, July 1, 1941, Rec. 283.) The evidence leaves no doubt that all the efforts of the plaintiff thereafter were directed toward some new merger and method of refinancing for which the defendant was in no way responsible. (See Rec. pp. 285–298).

The plaintiff's contention that the defendant accepted his idea and suggestion and then sought to avoid any obligation for it is controverted by the evidence that his suggested merger had been considered by the defendant before Brainard ever conferred with the officers of the defendant company. (Rec. p. 310). The explanation of the defendant that the negotiations were called off because of war conditions seems quite honest and plausible. The time which elapsed between the original negotiations between the parties and the ultimate merg-

---

Harry Payer and Eugene Bleiweiss, of Payer, Bleiweiss, Crow & Mollison, Cleveland, Ohio, counsel for plaintiff.

Andrews, Hadden & Putnam,—John B. Putman and Edwin A. Howe, of counsel; Cleveland, Ohio, Rose, Eichenauer, Stewart & Rose, Pittsburgh, Pa., counsel for defendant.

WILKIN, District Judge.

■ Under former Federal Rules of Civil Procedure, 28 U.S.C.A. courts gave very careful and thorough consideration to a motion for a directed verdict, or to arrest the case from the jury, but now under the new rules courts are inclined to allow a full presentation of the case if there is a likelihood of supporting evidence. The courts

er, together with the change in business conditions and the merger arrangements, supports the defendant's contention that the combination which was ultimately effected (Joy Manufacturing Company—Sullivan Machinery Company—Ladel) was something entirely novel and different from the plan proposed originally by plaintiff.

Motion for judgment *non obstanto veredicto* is therefore sustained; motion for new trial overruled

## On Motion for An Order Extending Time for Appeal.

This court, because of the variance between its judgment and the verdict of the jury, would naturally favor appeal and would feel a sense of relief to have its judgment reviewed by the Court of Appeals. A thorough consideration of the pertinent rules, statutes and decisions, however, constrains the court to the opinion that in the circumstances set forth in the motion, it is without authority or power to extend the time for filing of the Notice of Appeal.

■ The period for appeal is jurisdictional, arbitrary, and cannot be changed by action of the parties or of the court. United States v. Rayburn, 8 Cir., 91 F.2d 162, 163, 164; Robertson v. Morganton Full Fashioned Hosiery Co., 4 Cir., 95 F.2d 780, 781.

■ Rule 86(b), Federal Rules Civil Procedure, 28 U.S.C.A. was applicable to the transition period between the old and new rules. Since September 1, 1948, the time for appeal has been governed by Section 2107, Title 28 U.S.C.A., and Rules 73(a) and 6(b) Federal Rules Civil Procedure. The motion of plaintiff is· not based upon the one and only exception to the thirty-day period, "a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment".

The judgment of this court is controlled by the decision of the Court of Appeals of this Circuit in Hart v. Knox County, Tenn., 171 F.2d 45, and· the ruling of this court (Jones, J.), in Creedon v. Smith, D.C., 8 F. R.D. 162. See also Felton v. Florida East Coast Ry. Co., D.C., 8 F.R.D. 232.