UNITED STATES v. KELLERT.
Civ. A. No. 2882.

United States District Court
D. Connecticut.

Sept. 24, 1951.

Edmund M. Sweeney, Boston, Mass., for plaintiff.

Louis Shafer, New Haven, Conn., for defendant.

HINCKS, Chief Judge.

This is an action brought by the plaintiff under Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. § 1896(b), seeking restitution to a tenant of alleged excess rent demanded and received by defendant's testate. On August 21, 1950, plaintiff served on the defendant a series of requests for admissions, under Federal Rule 36, 28 U.S.C.A. Eight days later, defendant moved to "dismiss" the plaintiff's request for admissions. He did not accompany his motion with a notice of hearing nor did he request a hearing on his motion at any later time. Defendant has since filed a motion to dismiss the action and plaintiff has moved for summary judgment.

■ Defendant's motion to dismiss the complaint is based on its contention that any right of action against defendant's testate did not survive against defendant, because the action is based on a penalty statute. It has been established that an action for restitution may be brought under the Housing and Rent Act and that such an action invokes the equity powers of the court. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. An equitable action for restitution survives the death of the defendant. The defendant's claim that the action did not survive is without merit; his motion to dismiss the action on this ground should be denied.

■■ Plaintiff may prevail on its motion for summary judgment only if its request for admissions stands admitted by the defendant. As to this, Rule 36(a) of the Federal Rules provides that "Each of the matters of which an admission is requested shall be deemed admitted" unless the party to whom the request is addressed serves on the requesting party either (1) a denial or averment of lack of knowledge or (2) "written objections * * * , together with a notice of hearing the objections at the earliest practicable time." Defendant's motion to dismiss plaintiff's request for admissions must be construed as a memorandum of objections within the second alternative in 36(a). As such it fails to meet the requirements of the Rule because it was not accompanied by a notice of hearing. At no time in the intervening year did the defendant attempt to obtain a hearing on his motion. The objections are of no effect, therefore, and defendant must be deemed to have admitted all the matters on which plaintiff requested admissions. Defendant concedes that these requests for admissions cover all of plaintiff's case. No issue of fact remaining, plaintiff is entitled to summary judgment.

It is ordered that defendant's motion to dismiss be denied and that plaintiff's motion for summary judgment be allowed.