### SIEB'S HATCHERIES, Inc. v. LINDLEY et al.
#### Civ. A. No. 1026.

United States District Court
W. D. Arkansas, Fort Smith Division.
Sept. 30, 1952.

114

James R. Hale, Fayetteville, Ark., for plaintiff.

Hugh M. Bland, Fort Smith, Ark., Claude Duty, Rogers, Ark., for defendants.

JOHN E. MILLER, District Judge.

The question before the Court is whether the defendants, Lester Lindley, F. M. Lindley and Sherman Madden, officers and directors of Ozark Poultry & Egg, Inc., should be allowed to amend their response to requests for admission of facts filed by the plaintiff. A determination of this question requires a review and consideration of the record and the action heretofore taken by the parties.

The record discloses the following:

The plaintiff filed its complaint on June 14, 1952. Willie Lindley, wife of F. M. Lindley, Jack Sharpensteen and wife, Lucille Sharpensteen, were made parties defendant, but the controversy now before the Court does not involve any one of those defendants, and it is unnecessary to give any further consideration to them for the

reason that the question above stated arises on a motion, filed by plaintiff, for summary, judgment against the defendants, Lester Lindley, F. M. Lindley and Sherman Madden. The complaint as to these three defendants alleges that plaintiff obtained a judgment on January 16, 1952, against Ozark Poultry & Egg, Inc.; that said judgment is valid and unpaid; that the defendants, F. M. Lindley, Lester Lindley and Sherman Madden, are and have been since January 1, 1951, officers and directors of the said Ozark Poultry & Egg, Inc.; that articles of incorporation of the Ozark Poultry & Egg, Inc., were filed in the office of the County Clerk of Washington County, Arkansas, on December 19, 1949, and were signed by the defendants, F. M. Lindley and Lester Lindley; that said articles of incorporation recited and stated that the corporation would begin business with a paid in capital of $50,000; that no part of said capital was paid in at the time of incorporation or at the time of the filing of the articles of incorporation, and that said capital has never been paid.

On June 27, 1952, the defendants filed their *unverified* answer in which they admit that the articles of incorporation of Ozark Poultry & Egg, Inc., were filed in the office of the County Clerk of Washington County, Arkansas, on December 19, 1949, but they deny that the capital stock of said corporation was not paid. They admit that a judgment was obtained by plaintiff as alleged in the complaint. They deny that the defendants, F. M. Lindley, Lester Lindley and Sherman Madden, are now and have been officers and directors of the corporation since January 1, 1951.

On July 16, 1952, the plaintiff, pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., filed a request for admission of facts "for the purpose of this action only, within ten (10) days of the date of the filing of this request." The specific requests, here material to be considered, are as follows:

"1. That the Articles of Incorporation of the Defendant Ozark Poultry & Egg, Inc., recited that said corporation would begin business with a paid in capital of $50,000.00.

"2. That said capital of $50,000.00 was not paid in at the time said Articles of Incorporation were filed.

"3. That all of said $50,000.00 capital has never been paid in by the incorporators of said incorporation or by any one else.

"4. The Defendants F. M. Lindley, Lester Lindley and Sherman Madden are now and have been ever since January 1, 1951 officers and directors of the Defendant Ozark Poultry & Egg, Inc."

The request for admission of facts was served on the attorneys for the defendants by mail on July 15, 1952.

On July 23, 1952, the attorneys for the three defendants here involved filed what they designated as "Response to Demand for Admission of Facts." The response *was not sworn to by anyone* and the material parts of the so-called response are as follows:

"1. Ozark Poultry & Egg, Inc., was incorporated with an *authorized* capital stock of $50,000.00, not with paid in capital stock of $50,000.00.

"2. At the time of the organization of said corporation, there was paid in capital stock as follows:

Lester Lindley............... $100.00
Claudine Lindley............ 100.00
F. M. Lindley.............. 100.00

Later and on or about January 1, 1950, the assets of the partnership, Ozark Poultry and Egg Company, were transferred to the corporation and *stock was issued for the value of said assets,* including the three hundred dollars capital stock above mentioned as follows:

Lester Lindley............ $10,200.00
Claudine Lindley.......... 10,200.00
F. M. Lindley............. 100.00
                          ----------
    Total                 $20,500.00

This amount of capital stock has been reported in all income tax returns and in Arkansas Franchise tax reports, and represents the paid in capital stock of said corporation.

"3.. The above amounts of capital stock paid in was all of the capital stock ever issued by said corporation.

"4. Yes, this is substantially correct."

(This particular response refers to request No. 4 which was as follows: "The Defendants F. M. Lindley, Lester Lindley and Sherman Madden are now and have been ever since January 1, 1951 officers and directors of the Defendant Ozark Poultry & Egg, Inc.").

On July 26, 1952, the plaintiff filed its motion for summary judgment against the defendants, Lester Lindley, F. M. Lindley and Sherman Madden, and as grounds for the motion stated:

"1. The pleadings filed herein and the Response to Demand for Admission of Facts filed herein by the Defendants Lester Lindley, F. M. Lindley and Sherman Madden, together with the exhibit hereto attached, show that there is no genuine issue as to any material fact herein, and that the Plaintiff is entitled to judgment against the Defendants Lester Lindley, F. M. Lindley and Sherman Madden as a matter of law.

"2. Attached hereto and made a part hereof is the following Exhibit: Certified photostatic copy of the Articles of Incorporation of Ozark Poultry & Egg, Inc., showing said Articles of Incorporation to have been filed in the office of the County Clerk of Washington County, Arkansas on December 19, 1949 and appear of record in Articles of Association Record 'E' at page 510 thereof of the records of said office and showing that said Articles of Incorporation recited and provided that said Ozark Poultry & Egg, Inc., would begin business with paid in capital of $50,000.00, and that the Defendants Lester Lindley and F. M. Lindley signed said Arti-

cles of Incorporation as officers and directors thereof."

A copy of this motion was served on the attorneys for the defendants by mail on July 25, 1952.

On July 28, 1952, a pre-trial conference was conducted. At that time the defendants, Lester Lindley, F. M. Lindley and Sherman Madden, appeared by their attorneys and the plaintiff appeared by its attorney. The other defendants not here involved appeared by Mr. A. L. Smith, their attorney. All the issues in the case were discussed and the Court required the plaintiff to make its complaint against the defendants, Jack and Lucille Sharpensteen, more definite and certain.

The attorneys for the instant defendants moved to strike from the complaint paragraph (6) and that motion was denied. (This particular paragraph is not material to the question before the Court.) The order of the Court further provides:

"In discussing plaintiff's motion for summary judgment, the court requests the parties to brief the question of liability of the defendants Lester Lindley, F. M. Lindley and Sherman Madden based upon the response filed by said defendants to the request for admission of facts. Also, the court requests the parties to brief the question as to whether or not the above named defendants as officers of the corporation Ozark Poultry & Egg, Inc., would be estopped to deny the validity of the judgment heretofore entered against the corporation in Civil Action No. 991. The plaintiff is given until August 23, 1952, to submit its brief on said questions, and the defendants are given fifteen days therefrom to submit their answer brief.

"It appearing that this case will not be ready for trial upon the date of August 27, 1952, as heretofore set, it is ordered that the case be and the same is stricken from the trial calendar."

The plaintiff proceeded to prepare and file its written brief with the Court on Au-

gust 9, 1952, and served the attorneys for the defendants with a copy thereof on the same date.

Under the order the defendants had fifteen days from August 23, 1952, to submit their brief, notwithstanding the plaintiff had filed its brief on August 9, prior to August 23, the date fixed by the Court for filing same, but defendants have not filed their brief in opposition to the motion for summary judgment.

Simultaneously with the filing of the brief of plaintiff, its attorney filed an affidavit showing the amount due it on the judgment against the Ozark Poultry & Egg, Inc.

On August 14, 1952, following the receipt of plaintiff's brief in support of its motion for summary judgment, the attorneys for the defendants filed a motion to amend the response to the request for admission of facts and in the motion stated:

"1. That the response to question No. 2 be amended by adding this paragraph: 'It was the intention of the incorporators to absorb all of the assets of the partnership, Ozark Poultry & Egg Company, into the Corporation, Ozark Poultry & Egg, Inc. and pursuant to that intention all assets of the partnership were transferred to the corporation and while only $20,500 worth of stock was actually issued the money and property transferred to the corporation was in excess in value of the sum of $50,000.00.

"2. That the response to question No. 4 be amended to show that F. M. Lindley was an officer of said corporation only 35 days, and had only one (1) share of stock.

"That said amendments are necessary to complete the response and were inadvertently omitted from said original responses."

Notice was given that a hearing on the request for permission to so amend the response would be held on August 27, 1952, and on that date a hearing was had and plaintiff strenuously objected to the granting of permission to so amend the response, whereupon the Court took the question under consideration and suggested that the attorneys for defendants might, if they so desired, prepare and file immediately a detailed list of all the property which the defendants contend was transferred to Ozark Poultry & Egg, Inc., at the time the corporation was organized and showing an accurate description of each item of property, the value thereof, the encumbrances, if any, the subsequent disposition of each item of property, the name of the person or firm to whom each item was transferred, the dates of transfer, and the consideration therefor.

Also the location of each item of said property and any present encumbrances against the same, and to whom owed.

On September 4, 1952, the attorneys for the defendants filed an amended request for permission to amend the response to the demand for admission of facts. To this amended request there was attached a schedule of the property which the defendants contend was transferred to the corporation on or about January 1, 1950. The schedule referred to showed net book value of the real estate to be $11,507.96; the value of live poultry equipment to be $605.44, and dressing plant equipment of the value of $6,443.26, less an indebtedness of $454.53 on the dressing plant equipment. In addition thereto certain automobiles and trucks are listed of a net book value of $33,262.19, with encumbrances thereon of $16,163.07. Thus the book value of the property listed which it is claimed was transferred to the corporation on January 1, 1950, was $35,265.20. It is further alleged that the buildings while listed at a value of $11,507.96 actually had a market value on that date of $38,000, and that the personal property had a value of 25% more than the values as listed.

The concluding paragraph of the request to be allowed to amend the response is as follows:

"If permitted to file this response it will be sworn to by Lester Lindley, F. M. Lindley and Sherman Madden.

The original response was not sworn to for the reason that, at the time, Lester Lindley could not be found and F. M. Lindley was 'somewhere' on the west coast on vacation. Defendants ask permission to amend the response by verification as to all facts before an officer authorized to administer oaths."

The plaintiff has filed its objections, in the form of a motion, to the request of defendants that they be permitted to amend their original response to the request for admission of facts, and has renewed its request for summary judgment in accordance with the motion filed herein on July 26, 1952.

It should be noted that the request for admission of facts called for an answer or response within ten days after service thereof. The defendants made no request for an extension of time in which to answer the request for admission of facts, but contented themselves with filing an unverified response on July 23, 1952. At the pretrial conference on July 28, no request for an extension of time was made by defendants and they permitted the record to stand without offering to file a sworn response until after receipt by the attorneys for the defendants of the brief of plaintiff in support of its motion for summary judgment. After that brief was received by the attorneys for the defendants, the defendants made their first efforts to comply with Rule 36 and to escape the possible effect of their failure to file a sworn response to the request for admissions, and to amend the unsworn response by showing that the corporation did not begin business before the entire capital stock of $50,000 was paid in, either in money or property.

Federal Rules of Civil Procedure, Rule 36, 28 U.S.C.A., inter alia, provides:

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time."

The defendants did not respond to the request for admission of facts with a sworn statement, nor did they file any written objections to any of the requests. Thus, under the specific provisions of the Rule the request for admission of facts were admitted as true.

In Barron & Holtzoff, Federal Practice and Procedure, Volume 2, at page 542, it is stated:

"Affirmative action is required to avoid the requested admissions and if no answer or response is made within the time prescribed by the request, the facts in the request are deemed admitted. To avoid an unintended admission there must be, therefore, either a sworn statement denying specifically the matters as to which an admission is requested or setting forth in detail why those matters cannot be truthfully admitted or denied, or timely written objections."

In Batson v. Porter, 4 Cir., 154 F.2d 566, 568, it is said:

"The facts upon which the summary judgment was based are set out in the complaint and in the answers made by the defendant to the plaintiff's request for admissions under Rule 36(a) of the Rules of Civil Procedure. As pointed out in the opinion of the District Court, the matters for which admission is requested under this practice are deemed admitted unless a sworn statement is filed in which they are specifically denied or specific reasons are given why they cannot be truthfully admitted or denied."

In Beasley v. United States, D.C.E.D. S.C., 81 F.Supp. 518, 527, the Court said:

"The rule is very specific. The rule is very plain and it distinctly states that unless within the specified period, which may vary only by allowance of the Court, such a 'sworn statement' is filed, that each of the matters in the requests 'shall be deemed admitted.'"

In Water Hammer Arrester Corp. v. Tower, 7 Cir., 171 F.2d 877, 879, the Court said:

"An examination of the record discloses that there were fifty-three separate requests for admission, nine of which are involved in this appeal. Of the nine, defendant in response thereto either admitted the matters requested or asserted that he was without knowledge of the facts. We have searched the record in vain to find where the defendant ever made any denial in connection with any of the nine requests now involved, and we have likewise searched in vain to find where the defendant ever served the plaintiff with a sworn statement or sworn denial in reference to these nine requests as provided in the pertinent provisions of said rules. Under such circumstances it seems clear that the matters requested stood admitted and required no further proof on the part of plaintiff. Rule 36 requires affirmative action by the party upon whom the request is made. If the requests are proper no further action is required of the party making the same, but the matters are deemed admitted unless the other party responds in accordance with the terms of the rule. Kraus v. General Motors, D.C., 29 F.Supp. 430." See United States v. Kellert, D.C.Conn., 101 F. Supp. 698.

The Federal Rules of Civil Procedure are binding upon the parties and the courts, regardless of the views of individual judges administering them. Westland Oil Co. v. Firestone Tire & Rubber Co., D.C.N.D., 3 F.R.D. 55; Beasley v. United States, supra; Barrezueta v. Sword S. S. Line, Inc., D.C.S.C.N.Y., 27 F.Supp. 935.

In Holt v. Werbe, 198 F.2d 910, the Court for the Eighth Circuit, by Judge Riddick, said:

"The Rules of Civil Procedure are not advisory merely."

In Canister Co. v. Leahy, 3 Cir., 182 F.2d 510, at page 514, the Court said:

"The Rules are rules of procedure. They must be adhered to."

McCullough v. Cosgrave, Judge, 309 U. S. 634, 60 S.Ct. 703, 84 L.Ed. 992, was a petition for mandamus to compel the trial judge to try certain cases without referring them to a Master. The facts showed a persistent disregard of the rules and the writ was issued.

See also, United States v. Kirkpatrick, 3 Cir., 186 F.2d 393–398.

Neither the plaintiff's request for admission of facts nor defendant's statement in response thereto may properly be regarded as pleadings in the case. The procedure involved in the request and the response thereto does not relate to the issues to be heard and determined, but pertain to the manner or necessity of proof of the matters of fact set forth in the request. Thus, the rules applicable to pleadings do not apply to the question involved here because the request and the response are to be treated on an equality with sworn testimony, and must, therefore, be under oath. Van Horne v. Hines, Adm'r, D.C.D.C., 31 F.Supp. 346; Beasley v. United States, supra; Dulansky v. Iowa-Illinois Gas & Electric Co., D.C.S.C. Iowa, 92 F.Supp. 118.

In the request for permission to file a sworn response the defendants state that at the time the original unsworn response was filed, "Lester Lindley could not be found and F. M. Lindley was 'somewhere' on the west coast on vacation." Thus, the defendants seek to invoke the Federal Rules of Civil Procedure, Rule 6(b), which provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done

at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure of the act was the result of excusable neglect * * *."

■ No request was made by the defendants for an enlargement within the time prescribed by Rule 36. The first notice that anyone had that the defendants desired to file a response in compliance with the rule was on August 14, 1952, when they filed a motion to amend the unsworn response. It must be borne in mind that this motion was filed after receipt by the defendants of the brief of plaintiff in support of its motion for summary judgment. Thus, the motion or request now before the Court was made after the expiration of the specified period permitting the filing of the response, and can only be granted by the Court if the failure to file a proper response was the result of "excusable neglect."

In Volume 4, Cyclopedia of Federal Procedure, 3rd Edition, at page 25 it is said:

"The second provision of Rule 6(b), as amended, effective March 19, 1948, is one covering the case where the time has already gone by, and here it is restricted to be done only on motion, but the court may still permit the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect, with certain exceptions."

The exceptions as set forth in the rule are not material here.

The same authors further state on page 26:

"Rule 6(b) does not limit the court's discretion to 'mistake' nor does it extend the right of discretion to mere 'neglect.' But it does give the right to the court to determine for itself what is 'excusable neglect'."

■ The Court is not unmindful of the possible effect of the action of the defendants in failing to properly respond to the request for admission of facts. However, the Court is convinced that the neglect to comply with the rule is not excusable neglect. "Excusable neglect" is ordinarily understood to have been the act of a reasonably prudent person under the same circumstances. It can hardly be argued that the failure to file a sworn response was that of an ordinarily prudent person, especially when it is remembered that at the pre-trial conference on July 28, 1952, when the Court requested the parties to submit briefs on the questions involved in the motion for summary judgment, that defendants made no request for permission to file a sworn response or to withdraw the unsworn response and to substitute another entirely different from the original unsworn one, and did not take any action thereon until after the brief of plaintiff in support of the motion for summary judgment was served.

Judge Ridge in Knowlton v. Atchison T. & S. F. Ry. Co., D.C.W.D.Mo., 11 FR.D. 62, at page 65 in discussing Rule 36 said:

"Parties must make use thereof and respond to requests propounded thereunder within the time and manner therein specified, and at the peril of the sanctions provided within the rule itself, and Rule 37(c), without permission or guidance and directions from the court as to how they shall use said rule or assume the burdens thereof."

In Beasley v. United States, supra, the Court at page 528 of 81 F.Supp., said:

"Rule 36 is not a new provision and practitioners in the Federal Courts * * * are presumed to be familiar with the rules and to follow them."

In the case of Maghan v. Young, 80 U.S. App.D.C. 395, 154 F.2d 13, the Court held that the fact that appellant's counsel was professionally engaged in attending to other matters did not show "excusable neglect" for failure to file record within the time allowed under the Federal Rules, and did not justify the Court in granting relief. The Court said:

"Shortly after the adoption of the new Rules we did grant relief in a somewhat similar case, on the ground that the Rules were new and that it was unlikely counsel had sufficiently acquainted themselves with their terms, but we were careful on that occasion to advise the Bar that we intended thereafter to exercise sparingly our discretion to save an appeal prosecuted in disregard of the Rules."

In Ledwith v. Storkan, 2 F.R.D. 539, 541, Judge Delehant of the District Court of Nebraska in his usual able and thorough manner discussed this question and refused to set aside a default judgment on the plea of defendants that their attorney had negligently failed to present their defense. The attorney in that case submitted an affidavit in which he said, "that by reason of being absent from the state of Nebraska after he had accepted employment in said cause, he, according to the record, had neglected to plead therein, although he was under the impression, after the commencement of said suit and prior to his leaving the state of Nebraska, he had filed an answer therein; that because of other business and his absence out of the jurisdiction of the court, he had neglected so to do."

Ordinarily the court's discretion should be exercised toward granting relief if there is an adequate showing of excusable neglect to take proper action within the time required, but the only excuse asserted here is that one of the defendants, Lester Lindley, could not be found, and that the defendant, F. M. Lindley, was "somewhere" on the west coast on vacation. The defendant, Lester Lindley, is a resident of Springdale, Arkansas, within the jurisdiction of the Court and likewise so is the defendant, Sherman Madden. If the attorneys for the defendants did not have sufficient information to enable them to respond to the request for admission of facts, there was nothing to prevent them from asking for an extension of time until they could obtain the required information from the defendants. The situation is adequately covered in Led-

with v. Storkan, supra, 2 F.R.D. at page 545 where it is said:

"But the admonition towards indulgence in the exercise of an allowable discretion must not betray the court into a meddling manifestation of assumed discretion in circumstances which, under the rules, do not bring discretion into operation. Much less should it be resorted to in support of an indefensibly sympathetic appraisal of an attempted showing of 'inadvertence or excusable neglect'. If the showing be inadequate fairly to establish such 'inadvertence or excusable neglect', the simple, even if sometimes unpleasant, duty of the court is to find accordingly and deny the relief sought."

Without doubt the unsworn response of defendants filed herein on July 23, 1952, is in law an admission of the facts alleged in the request for admission of facts, without regard to the provisions of the response itself, and it would not in anywise remove the defendants from their dilemma for the Court to permit that response to be verified since the response itself admits the truth of the requested admissions. Therefore, the defendants are not seeking authority to amend the original response by verifying it, but are endeavoring to substitute another response entirely in conflict with the original unsworn response.

There are cases which have permitted unsworn responses to be verified after expiration of the time specified in Rule 36. Of these cases, Woods, Housing Expediter v. Stewart, 5 Cir., 171 F.2d 544, 545; Bowers v. E. J. Rose Mfg. Co., 9 Cir., 149 F.2d 612, and Countee v. United States, 7 Cir., 112 F.2d 447, are typical. However, none of them are helpful to the defendants in their predicament.

The correct rule to be followed is that announced by the Court in Creedon v. Taubman, D.C.N.D.Ohio, 8 F.R.D. 268, in which the Court said:

"In this case the motion for leave to file answer to request for admissions

was not filed until September 11, 1947, one week after the filing of the motion for summary judgment. The request for admissions was filed August 12, 1947. In such circumstances I do not see how the illness of the defendant can present substantial reason for not responding earlier. Nor were any answers tendered with the motion. Extensions always may be asked for, and usually are granted upon a showing of good cause, if timely made, Federal Rules of Civil Procedure, rule 6(b)(1), 28 U.S.C.A. following section 723c; but upon the facts presented here it does not appear to be a case calling for the permission provided by Rule 6(b)(2). Now to grant a motion to permit the latter filing of answer to the plaintiff's request for admissions not only would prejudice the plaintiff's pursuit of remedy and entail further delay, but it would put a premium upon lack of diligence."

The motion or request for leave to file a verified response to the request for admissions comes too late and should be denied.

Since the facts, upon which the motion for summary judgment is predicated, are admitted, the defendants may have until October 11, 1952, in which to prepare and serve their brief in opposition to plaintiff's motion for summary judgment, and an order in accordance herewith is being entered today.