## LUJAN v. UNITED STATES.
### No. 4663.

United States Court of Appeals,
Tenth Circuit.

May 5, 1953.

Joseph C. Ryan, Albuquerque, N. M. (Arturo G. Ortega, Albuquerque, N. M., on the brief), for appellant.

Edward E. Triviz, Asst. U. S. Atty., Albuquerque, N. M. (Maurice Sanchez, U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

This is a criminal case and it is pending on motion of the government to dismiss the appeal. The ground of the motion is that the notice of appeal was filed out of time and that therefore the court is without jurisdiction to entertain the appeal.

On January 16, 1952, the verdict was returned finding appellant guilty. On January 23, sentence was imposed and formal judgment entered. On the same day, the court entered an order purporting to grant appellant leave to file within ten days thereafter a motion for judgment of acquittal notwithstanding the verdict and a motion for new trial. On January 30, both motions were filed. On February 10, both motions were denied. On February 12, a formal order was entered denying the motion for new trial. And on February 16, the notice of appeal was filed.

It is well settled that the filing of a notice of appeal within the time fixed by the Rules of Criminal Procedure, 18 U.S. C., is jurisdictional, and that the filing of the notice out of time does not confer jurisdiction upon the appellate court. United

172

States v. Bloom, 2 Cir., 164 F.2d 556, certiorari denied 333 U.S. 857, 68 S.Ct. 726, 92 L.Ed. 1137; United States v. Froehlich, 2 Cir., 166 F.2d 84; Swihart v. United States, 10 Cir., 169 F.2d 808.

■ Rule of Criminal Procedure 33 provides in presently pertinent part that a motion for new trial based upon any ground other than newly discovered evidence shall be made within five days after verdict or finding of guilty or within such further time as the court may fix during the five-day period. The motion for new trial in this case was not based upon newly discovered evidence. It was predicated upon other grounds and it was not filed within five days after the finding of guilty. The court entered an order purporting to enlarge the time for the filing of the motion but the order was entered more than five days after the finding of guilty. And after the expiration of the five-day period following the finding of guilty, the court was without jurisdiction to enter the order enlarging the time for the filing of the motion for new trial. Since the motion was not filed within five days after the finding of guilty, and since no order was entered during such five-day period enlarging the time, the motion was filed out of time within the purview of Rule 33. Pugh v. United States, 9 Cir., 197 F.2d 509. But this rule concerns itself solely and exclusively with the time within which a motion for new trial may be filed. It does not undertake to fix the time within which the notice of appeal shall be filed. It does not pretend to exert any impact upon the time for the filing of the notice of appeal. It does not project itself into that field in any manner or to any extent.

■ Rule of Criminal Procedure 37— not 33—relates to the time and manner for the taking of an appeal. It provides among other things that an appeal authorized by law from a district court to a court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate, and that an appeal by a defendant may be taken within ten days after entry of the judgment or order appealed from, but if a motion for new trial has been made within the ten-day period, an appeal from the judgment of conviction may be taken within ten days after entry of the order denying the motion. The motion for new trial in this case was filed less than ten days after the imposition of sentence and entry of the judgment. While not filed within five days after the finding of guilty, and while no order was entered during such five-day period enlarging the time for the filing of the motion, it was filed within ten days after entry of the judgment. Significantly, Rule 37 does not provide that if a motion for new trial is filed within five days after return of verdict or finding of guilty, or within such further time as the court may fix during such five-day period, the notice of appeal shall be filed within ten days after entry of the order denying the motion. It does not speak in express terms of a motion for new trial filed within such five-day period, or within such enlarged period. It makes no express reference to a motion filed within either of such periods. And it fails to contain any language indicating even by clear implication that it is limited to a motion seasonably filed under Rule 33. The sweep of the rule is to provide without condition or qualification that an appeal by a defendant may be taken within ten days after entry of the judgment or order appealed from, and further that if a motion for new trial has been made within the ten-day period then an appeal from the judgment may be taken within ten days after entry of the order denying the motion. The motion for new trial having been filed within ten days after entry of the judgment, and the notice of appeal having been filed within ten days after entry of the order denying the motion, the motion to dismiss the appeal is not well taken and is denied.