Troyit **ROBINSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Travit **ROBINSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 14509, 14510.

United States Court of Appeals District of Columbia Circuit.

Decided Oct. 2, 1958.

Petition for Rehearing In Banc Denied Nov. 5, 1958.

Certiorari Granted Jan. 19, 1959.

See 79 S.Ct. 347.

Mr. I. William Stempil, Washington, D. C., entered an appearance for appellants.

Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Edgar T. Bellinger, Asst. U. S. Attys., entered appearances for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

Appellants were convicted of manslaughter and the judgments and commitments were filed on May 7, 1958. The District Court, on May 28, 1958, granted them leave to appeal in forma pauperis and notices of appeal were filed by their counsel that same day.

The cause is now before us on the Government's motion to dismiss the appeals for lack of jurisdiction. The Government argues that these notices of appeal were filed eleven days late and that the filing of a timely notice of appeal is mandatory and jurisdictional. It relies on the provision of Rule 45(b), Fed. R.Crim.P., 18 U.S.C.A., that "the court may not enlarge * * * the period for taking an appeal."

Rule 45(b) provides, with respect to acts required or allowed to be done at or within a specified time, that the District Court, for cause shown, may at any time in its discretion do one of two things:

(1) It may "order the period enlarged" if an application for such enlargement is made before expiration of the allowed time.

(2) If the party, as a result of excusable neglect, has failed to act within the allowed time, the court, upon motion, may "permit the act to be done after the expiration of the specified period * * *."

■ The rule then states the provision the Government relies on here, namely, that "the court may not enlarge * * * the period for taking an appeal." This injunction upon the District Court applies to *enlargement of time*, the first of the two causes permitted by the rule. But it does not apply to the second alternative. In other words, the District Court has no authority to grant a greater period than ten days for taking an appeal. It may, however, if satisfied that the failure to note an appeal within ten days is excusable, permit late filing.

There is a sound reason why the District Court should be permitted on limited grounds to extend the time for appeal after its expiration, even though it may not do so before its expiration. There is ample justification in reason for different treatment of pre-expiration and post-expiration applications. While it is, of course, desirable and contemplated that a party who intends to and is able to file a simple notice of appeal should do so within the time prescribed, there is a rational basis for exceptions in exceptional circumstances. If he can make a timely application for an extension of time, he can readily and with less effort file the notice of appeal itself. If, however, for some cause amounting legally to "excusable neglect" the party fails to take any action during the prescribed time, the rule seems plainly to allow the District Court discretion to permit him to file a late notice of appeal.

In the cases before us, it appears from the affidavit of appellants' trial counsel that he informed the court at the sentencing that the appellants intended to appeal and that the only reason the appeals were not taken within ten days, as required by Rule 37(a), Fed.R.Crim.P., was that counsel, who had never taken a criminal appeal before, mistakenly assumed he had thirty days, as provided in Rule 73(a), Fed.R.Civ.P., 28 U.S.C.A.

■ If, on this showing, the District Court was satisfied that the failure to act within ten days was a result of excusable neglect, we have jurisdiction of the appeals. From the record before us we cannot tell whether or not the District Court intended its grant of the May 28 application as a determination of excusable neglect. We therefore remand the cases to the District Court for supplementation of the record as to whether that court intended its grant to serve as a finding that failure to act was due to excusable neglect under Rule 45(b), Fed.R.Crim.P.

So ordered.

WILBUR K. MILLER, Circuit Judge (dissenting).

The concluding sentence of Rule 45(b) of the Federal Rules of Criminal Procedure contains this unequivocal statement: "but the court may not enlarge the period * * * for taking an appeal." I think this forbids the District Court either to enlarge the time for taking an appeal on application therefor made before the expiration of the appeal period, or to enlarge the period after its expiration for excusable neglect or on any other ground.

There is no reason apparent to me why the District Court should be permitted on any ground to extend the time for appeal after its expiration, when it may not do so before its expiration.

The time for taking an appeal is arbitrarily fixed by Rule 37(a) of the Criminal Rules and is jurisdictional; it may not be changed either by the parties or by the court. United States v. Bloom,

2 Cir., 1947, 164 F.2d 556; Richards v. United States, 1951, 89 U.S.App.D.C. 354, 192 F.2d 602, 30 A.L.R.2d 880; Lujan v. United States, 10 Cir., 1953, 204 F.2d 171; Wagner v. United States, 4 Cir., 1955, 220 F.2d 513; Brainard v. Joy Mfg. Co., D.C.M.D.Ohio 1949, 9 F.R.D. 625, Wilken, J.

Rule 6(b) of the Federal Rules of Civil Procedure also has to do with the enlargement of time in which an act is required or allowed to be done, and provides in two clauses that the court may (1) order the period enlarged before the expiration of the period originally prescribed or as extended by a previous order, or (2) permit the act to be done after the expiration of the specified or extended period where failure to act was the result of excusable neglect. When adopted, Rule 6(b) of the Civil Rules, like Rule 45(b) of the Criminal Rules, expressly denied power to the court to "enlarge the period" for taking an appeal. Rule 6(b) was subsequently amended so that the phrase "extend the time" was substituted for "enlarge the period" in the limiting provision. It is noted by the Advisory Committee on Rules of Civil Procedure that this amendment was made because "extend the time" is "a more suitable expression and *relates more clearly to both clauses (1) and (2).*" (My emphasis.) See Notes of Advisory Committee on Rules, Fed. R.Civ.P., Rule 6, 28 U.S.C.A. 235.

The Advisory Committee on Rules of Criminal Procedure notes that Rule 45 of the Criminal Rules "is in substance the same as Rule 6 of the Federal Rules of Civil Procedure." The Committee adds, "It seems desirable that matters covered by this rule should be regulated in the same manner for civil and criminal cases, in order to preclude the possibility of confusion." See Notes of Advisory Committee on Rules, Fed.R.Crim. P., Rule 45, 18 U.S.C.A. 504.

In my opinion the District Court has no power to grant these appeals out of time because of neglect of counsel, even if it should find the neglect excusable.

It follows that we have no jurisdiction here.

Even if this were not so, I do not believe the failure of appellants' two employed attorneys [1] to file notices of appeal in time because they were ignorant of the Rule's requirement can be said to be excusable neglect, in view of the fact that the Federal Rules of Criminal Procedure have been in effect about twelve years. Burke v. Canfield, 1940, 72 App.D.C. 127, 111 F.2d 526; Maghan v. Young, 1946, 80 U.S.App.D.C. 395, 154 F.2d 13; Christoffel v. United States, 1950, 88 U.S.App.D.C. 1, 190 F.2d 585; Sieb's Hatcheries, Inc., v. Lindley, D.C.W.D.Ark.1952, 13 F.R.D. 113; Ohlinger v. United States, D.C.S.D.Idaho 1955, 135 F.Supp. 40; 1 Barron and Holtzoff, Federal Practice and Procedure § 216.

I would grant the appellee's motion to dismiss.

---

1. These lawyers, retained by the appellants, were present and active throughout the trial, and also represent them on appeal.