An order to this effect will be signed upon presentation.

**UNITED STATES of America**

v.

**Philip DAVIS, Jr.**

**Crim. No. 449–58.**

United States District Court
District of Columbia.
July 22, 1959.

Oliver Gasch, U. S. Atty. for District of Columbia, Carl W. Belcher, Jack Marshall Stark, Asst. U. S. Attys., Washington, D. C., for United States.

Philip Davis, Jr., in pro. per., for defendant.

KEECH, District Judge.

This case was remanded to the District Court by the United States Court of Appeals for the District of Columbia Circuit "with directions to reconsider its denial of petitioner's application for leave to proceed on appeal without prepayment of costs in the light of * * * Robinson v. United States," 104 U.S. App.D.C. 200, 260 F.2d 718 (October 2, 1958). Certified copies of "the pertinent pleadings" were transmitted to the District Court for consideration in connection with the remand.

Robinson v. United States, supra, holds merely that under Rule 45(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., the District Court, if satisfied that failure to note an appeal within ten days was excusable, may permit late filing. In none of his papers has the defendant assigned any reason for the late filing of his application to appeal in forma pauperis. Since it shows on its face that it was notarized at the jail after the time for appeal had expired, it was not late because of delay in the mail.

The defendant's application filed in this court was a bare printed form sworn to by defendant, which failed to state any ground for appeal. The petition was denied by this court on September 4, 1958, with the following notation: "Denied—not good faith, i. e., no substantial question, & in my opinion frivolous & also not timely." Thus, although the court noted the untimely filing of the application, the petition was denied on the merits.

The court interprets the order of the Court of Appeals that the papers be transmitted "in order that they may be considered by * * * [the] court in connection with the remand" as a direction to consider the merits of the grounds for appeal stated therein. The papers referred to are a lengthy handwritten "Petition for Leave to Prosecute an Appeal in Forma Pauperis and an Affidavit in Support Thereof," ostensibly prepared by the defendant in proper person, the government's opposition thereto, and the defendant's "Answer to Respondents Opposition for Leave to Prosecute Appeal in Forma Pauperis," an even longer handwritten document, in which additional grounds for appeal are alleged. All of these papers were filed originally in the Court of Appeals, subsequent to this court's action of September 4, 1958, and they contain allegations of error never presented in the District Court. Taking up the defendant's various points in turn:

■ The petition filed in the Court of Appeals alleges ineffective assistance of counsel, in his "failure to challenge * * * probable cause for the arrest and the charge, and the legality of the indictment." There is no merit to this contention. The defendant was seen by two officers at about 3:45 a. m. as he and another unidentified person were bending over the complainant, who was prostrate in an alley and calling for a policeman. Thereafter the officers gave chase. One of the assailants escaped, but the defendant was pursued through the alley, down the street, and into another alley, and arrested behind a truck, as soon as the officer caught up with him. The indictment is a short and clear statement that the defendant on March 15, 1958, within the District of Columbia, assaulted Lulu V. Taylor with intent to commit robbery.

■ The defendant next questions whether he was "denied a fair and impartial trial because of certain testimony elicited from the government witness (complainant) by the prosecuting attor-

ney, the testimony concerning identity." In support of this point he cites "Green v. U. S., 335 U.S. 184 (1957)." Defendant then purports to quote a statement concerning the inadmissibility of statements improperly taken. The Green decision, which appears in 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, deals with double jeopardy. Further, no statements of anyone were admitted in evidence at the defendant's trial. The complainant in her testimony on the stand identified the defendant as the man who assaulted and attempted to rob her; and the arresting officer identified defendant as the man whom he saw bending over complainant in the alley, chased, caught, and arrested.

Defendant states the court "let the prosecutor whisper in the ears of police officers and complainant after petitioners testimony was heard, and then called them back to assume the witness stand." The record reveals no such incident as this, and the court recalls none. The complainant Taylor and Officer Galich were properly recalled as rebuttal witnesses to refute new matters asserted in defendant's testimony.

■ Defendant next states the evidence was "not substantial to support the verdict." The government's evidence was clearly sufficient to support the verdict of guilty returned by the jury, which obviously disbelieved the defendant's testimony that he was trying to render assistance to the complainant.

■ In his answer to the government's opposition, defendant again asserts ineffective assistance of counsel on the same grounds. He states, "Petitioner came through a public alley when two unidentified men came through and started shooting, which caused petitioner to result to flight, instigated by the arresting officers." He states the officers should have identified themselves if they had reasonable knowledge to warrant arrest, and cites Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332. The Miller decision, which laid down the requisite procedure for officers breaking into a residence to make an arrest with or without a warrant, is clearly inapplicable to the instant situation, where the defendant was arrested by an officer in hot pursuit. Although there is no specific testimony that the officers were in uniform, there is evidence that the two officers, policemen on foot, were walking their beat when they heard the complainant's cries for help, from which it may be deduced that they were in the usual uniform of foot policemen. According to their testimony, the defendant ran upon their approach, and it was only after chasing him for a few minutes, into an alley in another block, that Officer Galich fired two shots from his service revolver in order to force the defendant to stop. The allegation of ineffective assistance of counsel for failure to attack the arrest and the charge is therefore unsupported.

Defendant again asserts that the indictment was defective in that "considered with the evidence as it developed at the trial * * * petitioner was not properly informed of the nature and cause of the accusation against him." The indictment itself shows this claim to be frivolous. Assault with intent to commit robbery was alleged in the indictment and proved at the trial.

■ Defendant then makes the new allegation that the court erred in instructing the jury that the government did not have to prove beyond a reasonable doubt the crime charged. This is untrue. The jury was fully instructed as to the burden of proof and presumption of innocence.

Defendant next adds a new allegation of ineffective assistance of counsel, stating:

"In defending petitioner counseler charged the jury as follows, that this young boy have got into trouble; where is the presumption of innocence to which defendants are entitled. Petitioner contends that the remark to the jury by counsel was binding, and gave the impression that petitioner had committed the crime, and may have caused the verdict rendered by the jury."

Nowhere in his argument did defense counsel make the statement alleged or any similar statement. In view of the strong evidence adduced by the government, defense counsel made the best argument he could.

The defendant also makes vague reference to conflict of interest as a denial of the effective assistance of counsel, citing cases on that point, but fails to state what conflict of interest he claims. There was no codefendant; hence the usual basis for alleging conflict of interest was absent.

The defendant's final allegation, not made until this so-called "Opposition", is that "prejudicial errors, made by the trial Judge, the excessive injection of trial judge into examination of witness, and the Judge's numerous comments to defense counsel, indicating at times hostility, though under provocation, demonstrated a bias and lack of impartiality which may well have influenced the jury's verdict. In this instant case, the judge made several attempts to lead the witness." In view of these charges, the trial judge, in an excess of caution, has had transcribed the entire record of the trial, a brief one. It is apparent from the transcript that defendant's allegations are totally unfounded. The court did endeavor on occasion to make witnesses speak up when they could not be heard or to elucidate for the jury testimony which was inaudible, confused, or unintelligible, but this was entirely proper. Blunt v. United States, 100 U.S.App.D.C. 266, 276, 244 F.2d 355; Griffin v. United States, 83 U.S.App.D.C. 20, 164 F.2d 903, and cases there cited, reversed on other grounds 87 U.S.App.D.C. 172, 183 F.2d 990. There were no verbal exchanges between court and counsel, no provocation and no hostility. Outside of routine rulings on the evidence and argument, the only comment addressed to defense counsel concerning his handling of the case was to commend his diligence (Tr., p. 41). It is obvious from a reference to Peckham v. United States, 93 U.S.App.D.C. 136, 145, 210 F.2d 693, 702, that the defendant has lifted, substantially verbatim but without benefit of quotation marks or citation, language which appeals to him but has no relevance to his trial.

This is a typical example of the unfounded and time-consuming post-conviction proceedings with which this Court is being deluged, to the detriment of other defendants who are awaiting trial. Allegations are made by defendants in proper person without any basis in the record and in total disregard of the truth, in an almost illegible and unintelligible fashion, supported by citations which are entirely irrelevant. Yet the court must decipher the papers, untangle the garbled assertions, sometimes by reference to supporting citations, often erroneous, must review his notes, and must give consideration to the matters presented by defendant, with the sole result that time which should have been devoted to current matters has been preempted.

For the foregoing reasons, the court is again constrained to deny the defendant's application to appeal in forma pauperis, as not taken in good faith, i. e., no substantial question and frivolous, and also as not timely.