**TODD SHIPYARDS CORPORATION,**
Appellant,

v.

**INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, LOCAL 39, AFL–CIO,** Appellee.

**No. 387, Docket 29273.**

United States Court of Appeals
Second Circuit.

Argued March 18, 1965.

Decided April 7, 1965.

Robert B. Lisle, Brooklyn, N. Y. (Cullen & Dykman, Barbara M. Suchow, Harry G. Hill, Jr., Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Herman A. Gray, New York City (Gray & Grossman, New York City, of counsel), for defendant-appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal by plaintiff Todd Shipyards Corporation (Todd) from a decree of the District Court, 232 F.Supp. 589 (E.D.N.Y.1964), granting summary judgment for the defendant, Marine and Shipbuilding Workers' Union (the union) and directing Todd to proceed to arbitration with the union as provided in the collective bargaining agreement between the parties. Finding no error, we affirm.

Todd sought in the District Court: (1) a declaratory judgment under section 301 of the National Labor Relations Act, as amended (the Act), that Article XXVII of its agreement with the union is unenforceable under section 8(e) of the Act; and (2) on this basis to restrain the union from proceeding to arbitration under the agreement. Article XXVII of the agreement provides:

> "The Company will not use outside contractors except where its own working force is inadequate in number or skill to perform the work promptly and without delay to other work in the yard."

In response to Todd's suit, the union requested the District Court to direct Todd to arbitrate the union's claim that Todd subcontracted work in violation of Article XXVII.

■ The union argued below that primary jurisdiction in this case lies with the National Labor Relations Board. This argument was correctly rejected by the District Court since the federal courts have concurrent jurisdiction in actions brought under section 301 despite the fact that the wrong alleged as the substance of the action might also constitute an unfair labor practice. Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Carey v. General Elec. Co., 315 F.2d 499, 508 (2d Cir. 1963), cert. denied, 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964); Black-Clawson, Inc. v. International Ass'n of Machinists, 313 F.2d 179 (2d Cir. 1962).

■ Todd in turn rests primarily on its argument that section 8(e) must be read "literally" as a flat prohibition against all restrictive "subcontracting" clauses in labor agreements. This contention was also correctly rejected by the District Court. The conclusion reached below has been given recent support by the decision of the United States Supreme Court in Fibreboard Paper Prod. v. NLRB, 13 L.Ed. 233 (1964). It follows from the Supreme Court's holding that freedom to subcontract is a mandatory subject of collective bargaining, that at least some contractual prohibitions against subcontracting, i. e., the

results of such mandatory bargaining, must be outside the scope of section 8(e).

Distinctions must be made between contractual prohibitions on subcontracting which merely serve as legitimate job protection devices and those which go farther to accomplish ends Congress meant to prohibit under 8(e). Compare, Meat & Highway Drivers' Union v. NLRB, 118 U.S.App.D.C. 287, 335 F.2d 709, 712–714 (1964), with NLRB v. Teamsters Union, Local 294, 342 F.2d 18 (2d Cir. 1965); District 9, Int'l Ass'n of Machinists v. NLRB, 114 U.S.App.D.C. 287, 315 F.2d 33 (1962). In the present case Article XXVII neither on its face nor as construed by the parties blacklists "specified employers or groups of employers because their products or labor policies are objectionable to the Union." Cox, The New Hot-Cargo and Secondary Boycott Sections: A Critical Analysis, 44 Minn.L.Rev. 257, 259 (1959). The contractual prohibitions here in dispute merely insure that Todd will not be able to avoid wage, job security and other obligations contained in its agreement with the union.

Judgment affirmed.