**In re JOHNS–MANVILLE CORPORATION, Debtor.**

**The Asbestos Personal Injury Plaintiffs, Movants–Appellees–Cross–Appellees,**

**v.**

**Travelers Indemnity Company, et al., Appellants–Cross–Appellants.**

**Docket Nos. 06–2320–bk (xap), 06–3317–bk (con).**

United States Court of Appeals, Second Circuit.

Submitted: Oct. 3, 2006.

Decided: Jan. 17, 2007.

Douglas T. Tabachnik, Manalapan, N.J.; Sander L. Esserman, Cliff I. Taylor, Stutzman, Bromberg, Esserman & Plifka, Dallas, Tex., submitted a brief on behalf of The Asbestos Personal Injury Plaintiffs.

Barry R. Ostrager, Andrew T. Frankel, Robert J. Pfister, Simpson Thacher &

Bartlett LLP, New York, N.Y., submitted a brief on behalf of The Travelers Indemnity Company, Travelers Casualty and Surety Company, and Travelers Property Casualty Corporation.

Before NEWMAN, CABRANES, and SACK, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

The pending motion to dismiss a cross-appeal in No. 06–2320–bk, filed one day beyond the applicable time limit set by Rule 4(a)(3) of the Federal Rules of Appellate Procedure, requires consideration of the import of the Supreme Court's recent decision in *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005). The cross-appeal is taken by Appellees–Cross–Appellants Travelers Indemnity Company, Travelers Casualty and Surety Company, and Travelers Property Casualty Corp. (collectively "Travelers") from the April 5, 2006, judgment of the District Court for the Southern District of New York (John G. Koeltl, District Judge), affirming in part and vacating in part an Order of the Bankruptcy Court. We also consider Travelers' separate appeal in No. 06–3317–bk, timely filed, from the June 13, 2006, Order of the District Court denying their motion, pursuant to Rule 4(a)(5)(A)(ii),[1] for an extension of time to file notice of their cross-appeal in No. 06–2320–bk on the ground of "excusable neglect." We conclude that, whether or not the time limit for a cross-appeal is jurisdictional after *Eberhart,* that decision requires us to enforce the time limit when it is properly invoked by an adverse party. We also conclude that, under the strict standard governing "excusable neglect," *see Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355 (2d Cir.2003), the District

Court acted within its discretion in denying the motion for an extension of time to appeal. We therefore dismiss the cross-appeal in No. 06–2320–bk and affirm the judgment in No. 06–3317–bk.

Background

On April 5, 2006, the District Court, acting on an appeal from an order by the Bankruptcy Court, entered a judgment affirming in part and vacating in part the Bankruptcy Court's Order. *See In re Johns–Manville Corp.,* 340 B.R. 49 (S.D.N.Y.2006). On April 26, 2006, within the 30–day time limit set by Rule 4(a)(1)(A), several parties filed notices of appeal challenging the District Court's affirmance of most parts of the Bankruptcy Court's Order.

On May 11, 2006, Travelers filed a notice of cross-appeal challenging the part of the District Court's judgment that vacated parts of the Bankruptcy Court's Order. Rule 4(a)(3) provides that if one party files a timely notice of appeal, any other party may file a notice of appeal either "within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a) [normally 30 days after entry of the judgment], whichever period ends later." Travelers' May 11 notice of appeal was filed one day after the 14–day limit triggered by the filing of the initial notice of appeal and six days after the 30–day limit triggered by entry of the judgment.

Acknowledging its tardiness in filing its notice of cross-appeal, Travelers filed with the District Court a motion to extend by one day the time allotted to file a notice of cross-appeal. Rule 4(a)(5) allows a district court to extend the time for filing a notice

---

**1.** References to rules, unless otherwise noted, are to the Federal Rules of Appellate Procedure.

of appeal if a party moves for extension no later than 30 days after the time prescribed by Rule 4(a) has expired and shows "excusable neglect or good cause." There is no dispute that Travelers' motion for extension of time was timely filed in the District Court. Travelers claimed "excusable neglect" because its lawyers had inadvertently calendared the first notice of appeal on their office records as of the day it was received in the lawyers' office, April 27, 2006, rather as of the day it was filed, April 26, 2006, the date made relevant by Rule 4(a)(3). It thus miscalculated by one day the 14–day time limit for filing its cross-appeal.

The District Court denied Travelers' Rule 4(a)(5) motion. The Court found Travelers' error in computing the time to file its cross-appeal to be no more than the "garden variety attorney inattention that fails to rise to excusable neglect." Travelers then filed an appeal from the District Court's denial, and the Asbestos Personal Injury Appellants filed a motion to dismiss Travelers' cross-appeal as untimely. We consolidated both appeals and requested supplemental papers discussing the relevance of *Eberhart.*

### Discussion

I. Timeliness of Travelers' Cross–Appeal in No. 06–2320–bk

Courts, including the Second Circuit, have frequently stated that time limits for filing a notice of appeal are jurisdictional. *See, e.g., Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional...."); *Coppedge v. United States,* 369 U.S. 438, 442, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) ("[A] timely notice of appeal must be filed in the District Court to confer jurisdiction upon the Court of Appeals over the case.") (footnote omitted); *Cody, Inc. v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999); *United States v. Fitzgerald,* 109 F.3d 1339, 1341–42 (8th Cir.1997); *United States use of Pippin v. J.R. Youngdale Construction Co.,* 923 F.2d 146, 148 (9th Cir.1991). This Court has also ruled, however, that the timely filing of a notice of cross-appeal is not a jurisdictional requirement. We first made such a ruling in *Texport Oil Co. v. M/V Amolyntos,* 11 F.3d 361 (2d Cir.1993), which upheld our authority to adjudicate a cross-appeal filed just one day late, *id.* at 366. More recently, in *Clubside, Inc. v. Valentin,* 468 F.3d 144 (2d Cir.2006), we restated our authority to entertain a cross-appeal filed one day late, citing *Texport,* but declined to use that authority, *see id.* at 162.

Texport relied on this Court's decision in *Finkielstain v. Seidel,* 857 F.2d 893 (2d Cir.1988), which did not involve the timeliness of a notice of cross-appeal, but rather the issue of whether a cross-appeal was required at all. In *Finkielstain,* a district court had dismissed claims against a state agency, acting as receiver for a bank, but had declined to dismiss the plaintiff's claims against the bank. The defendants appealed, under the collateral order doctrine, from the order declining to dismiss claims against the bank, and the plaintiff took no cross-appeal from the dismissal of his claims against the state agency. We ruled that the dismissal of the state agency should be reviewed, notwithstanding the lack of a plaintiff's cross-appeal, because of the unusual circumstances present in that case: affirmance would leave the bank the sole defendant while the bank lacked the right or means to defend itself. *See id.* at 895. We explained that the requirement of a cross-appeal is a "rule of practice which is not jurisdictional and in appropriate circumstances may be disregarded." *Id.*

The "rule of practice" phrasing appears to have originated in the Supreme Court's decision in *Langnes v. Green,* 282 U.S. 531, 538, 51 S.Ct. 243, 75 L.Ed. 520 (1931).[2] *Langnes* used the phrase to describe the practice, "generally followed," *id.,* of not permitting a party, in the absence of a cross-appeal, to challenge a lower court's decree " 'with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary,' " *id.* (quoting *United States v. American Railway Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924)).

In *Carlson v. Principal Financial Group,* 320 F.3d 301 (2d Cir.2003), we again entertained a challenge to a district court's judgment by a defendant-appellee that had not filed a cross-appeal. In *Carlson,* after reversing the dismissal of a complaint for lack of subject matter jurisdiction, we deemed it appropriate to entertain a challenge to the dismissal of a cross-claim for lack of supplemental jurisdiction, despite the absence of a cross-appeal. We did so because the erroneous dismissal of the cross-claim was predicated on the erroneous dismissal of the claim that was appealed. *See id.* at 309. In *Rangolan v. County of Nassau,* 370 F.3d 239 (2d Cir. 2004), we also recognized our authority to consider an appellee's request for additional relief despite the absence of a cross-appeal, but concluded that the circumstances did not warrant doing so, *see id.* at 254. In *Rangolan,* we noted that "[e]xercise of the power [to disregard the failure to cross-appeal] has been rare, ... requiring a showing of exceptional circumstances." *Id.* (quoting 15A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3904, at 228 (2nd ed.1992)).

The Supreme Court's decision in *Eberhart* obliges us to reconsider our approach to untimely cross-appeals, as expressed in *Texport* and *Clubside.* *Eberhart* concerned the 7–day time limit for filing a motion for a new trial in a criminal case. *See* Fed.R.Crim.P. 33(b)(2). Although the defendant's motion was untimely, the Government opposed it in the district court only on the merits, and raised the issue of untimeliness for the first time on appeal. The Supreme Court characterized the 7–day time limit as an "inflexible claim processing rule," rather than a rule of subject matter jurisdiction. *See Eberhart,* 126 S.Ct. at 403. The Court cited its prior decisions in *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). *Kontrick* ruled that the time limit for filing an objection to a debtor's discharge, *see* Fed. R. Bankr. P. 4004, 9006(b)(3), is not jurisdictional and therefore may be forfeited. *See Kontrick,* 540 U.S. at 447, 454, 124 S.Ct. 906. *Robinson* concerned former Rule 37 of the Federal Rules of Criminal Procedure, generally providing a 10–day time limit for filing a notice of appeal in criminal cases.[3]

*Robinson* is especially pertinent to the pending appeal. In *Robinson,* the Court of Appeals for the District of Columbia Circuit, considering a late notice of appeal, had remanded to the District Court to determine whether the late filing was due to excusable neglect. After the District Court so found, the D.C. Circuit denied the Government's motion to dismiss the appeal as untimely. *See Robinson v. United States,* 260 F.2d 718, 719–20 (D.C.Cir. 1958). The Supreme Court reversed, rul-

---

2. *Finkielstain* cited *United Optical Workers Union Local 408 v. Sterling Optical Co.,* 500 F.2d 220, 224 (2d Cir.1974), which cited *Langnes.*

3. See Fed. R.App. P. 4(b) (current version).

ing that former Rule 45(b)(2) of the Federal Rules of Criminal Procedure prohibited a court from extending the time for filing a notice of appeal.[4] *See Robinson*, 361 U.S. at 229, 80 S.Ct. 282. *Robinson* noted, with apparent approval, that "courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Id.. Eberhart* acknowledged the "imprecision" of the "mandatory and jurisdictional" language in *Robinson*, 126 S.Ct. at 406, 407, and explained that its decision in *Robinson* "is correct not because the District Court lacked *subject-matter jurisdiction*, but because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked," *id.* at 406 (emphasis in original). The "central point" of *Robinson*, said the Court in *Eberhart*, is "that when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory."[5] *Id.*

■ *Eberhart* thus conveys two significant messages concerning a time limit for taking action, such as moving for a new trial, imposed on litigants by procedural rules. First, the time limit is not jurisdictional. As a result, a party entitled to defeat a request for relief as untimely will forfeit the protection of the time limit by not invoking it, a ruling that implies that a court has no obligation to raise the untimeliness issue on its own motion. Second, a court must strictly enforce the time limit if an adverse party invokes it.

Because the holding of *Eberhart* concerns a motion for a new trial, the decision does not provide an authoritative precedent as to whether the Supreme Court's two messages apply to time limits for appeals and cross-appeals. However, the Court's reliance on *Robinson* and especially its explanation of *Robinson*, which did involve a time limit for a notice of appeal, strongly suggest that the Court believes that appellate time limits are not jurisdictional but also believes that they are to be strictly enforced when properly invoked.

■ In the pending appeal, we need not decide whether *Eberhart* has altered the traditional view that compliance with time limits for filing a notice of an initial appeal is a jurisdictional requirement, nor need we reconsider that aspect of our ruling in *Texport* indicating that compliance with

---

4. In *Robinson*, the Court of Appeals had acted under its understanding of former Rule 45(b) of the Federal Rules of Criminal Procedure. That rule had permitted a court to enlarge the time for taking action (1) if application is made before the normal time expires, or (2) after such expiration upon a showing of excusable neglect, but prohibited enlargement of time for the filing of a notice of appeal. *See Robinson*, 361 U.S. at 223, 80 S.Ct. 282 *(quoting* former Fed.R.Crim.P. Rule 45(b)). The D.C. Circuit had considered the prohibition on enlarging time for filing a notice of appeal to apply only to extensions sought within the normal time period and not to "excusable neglect" applications filed thereafter. *See Robinson*, 260 F.2d at 719–20. The Supreme Court read the prohibition on extending time for filing a notice of appeal to apply to both circumstances. *Robinson*, 361 U.S. at 229, 80 S.Ct. 282.

The bar of former Fed.R.Crim.P. Rule 45(b) on extending the time for filing a notice of appeal is now set forth in Fed. R.App. P. 26(b), subject to the authority of a district court to extend the time upon a showing of excusable neglect or good cause, pursuant to Fed. R.App. P. 4(a)(5) (civil cases) and 4(b)(4) (criminal cases).

5. As *Eberhart* further explained, "The net effect of *Robinson*, viewed through the clarifying lens of *Kontrick*, is to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often." 126 S.Ct. at 406–07.

time limits for a cross-appeal is not a jurisdictional requirement. However, whether a cross-appeal time limit is jurisdictional or, after *Eberhart*, only a "claim-processing rule," we conclude that *Eberhart* strongly indicates that we are to enforce that limit strictly, once it is properly invoked. Moreover, even if the requirement of taking a cross-appeal to secure added relief remains a "rule of practice," which can be overlooked in exceptional circumstances, such as those presented in *Finkielstain* and *Carlson*, the need for a cross-appeal cannot be overlooked in this case. By seeking review of the portion of the District Court's judgment that affirmed part of the Bankruptcy Court's rulings, Travelers is seeking affirmative relief that requires a cross-appeal.

Since Travelers' cross-appeal was untimely, although by just one day, and since the motion to dismiss the cross-appeal properly invoked the time limit of Rule 4(a)(3), the motion must be granted.

## II. Merits of Travelers' Appeal in No. 06–3317–bk

Having rejected Travelers' attempt to obtain from this Court extra time to file its notice of cross-appeal, we turn to its attempt to use the only appropriate procedure for securing an extension of time—an application to a district court. Rule 4(a)(5)(A)(ii) allows a district court to "extend the time to file a notice of appeal if ... that party shows excusable neglect or good cause." Travelers sought a one-day extension, arguing that it had mistakenly calendared the notice of appeal as of the date it was received, rather than the filing date, which starts the relevant time period under Rule 4(a)(3). The District Court,

applying the strict standard set by this Court in *Silivanch*, ruled that the neglect of Travelers' attorney was not excusable.

We review a district court's decision under Rule 4(a)(5) for abuse of discretion. *See Goode v. Winkler*, 252 F.3d 242, 245 (2nd Cir.2001). In *Silivanch*, the party claiming excusable neglect had relied on mistaken information gathered from another attorney regarding the last day to file a notice of appeal. The District Court had concluded that the attorney's neglect was excusable. We reversed, citing with approval *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457 (8th Cir.2000), in which the Eighth Circuit observed, "Notwithstanding the 'flexible' *Pioneer [Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ] standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal." *Lowry*, 211 F.3d at 464.[6] *See Silivanch*, 333 F.3d at 368–70.

The District Court did not exceed its discretion in this case. Following *Silivanch*, the District Court correctly ruled that, absent extraordinary circumstances, attorney inadvertence is not excusable neglect.

## Conclusion

Accordingly, in No. 06–2320–bk, Travelers' untimely cross-appeal is dismissed. In No. 06–3317–bk, the District Court's judgment, denying Travelers' Rule 4(a)(5) motion, is affirmed.

---

6. *Pioneer* set forth a four-part standard to determine whether neglect was excusable, asking courts to consider "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on

judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.